■ In the Matter of OSCAR CONCEPCION, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum. Petitioner was conditionally released in October, 1975 from a sentence imposed in June, 1973 to an indeterminate period having a maximum of four years on a conviction of attempted burglary. He was declared delinquent when he failed to report to the Utica, New York, parole office, and additional violations were included in an arrest warrant upon notification of his arrest on January 7, 1976 for grand larceny and possession of a weapon. When served with the parole violation warrant on May 17, 1976, petitioner waived his right to a preliminary hearing. In October, 1976 he pleaded to attempted robbery and was sentenced as a predicate felon to an indeterminate term with a maximum of four years and a minimum of two years; the sentence to run consecutively with any parole time that the Parole Board may impose for violation of parole. Although incarcerated from the date of his arrest, a final parole violation hearing was not held until November 7, 1977 following which parole was revoked. In this CPLR article 78 proceeding Special Term found that the delay in affording petitioner a final parole revocation hearing did not violate his due process rights. We disagree. It is now well established that a parole violator is entitled to a prompt parole revocation hearing even when he is incarcerated because of a new conviction. The failure of respondent to provide such a hearing requires a dismissal of the declaration of delinquency *(People ex rel. Walsh v Vincent,* 40 NY2d 1049; *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445; *Matter of Good v Hammock,* 64 AD2d 1011). The judgment is modified to grant the petition in that respect. While petitioner is not eligible for continued parole on his original sentence *(People ex rel. Robinson v Henderson,* 70 AD2d 784), he will be entitled to parole status upon the expiration of his new sentence as a predicate felon *(Matter of Piersma v Henderson,* 44 NY2d 982). The Parole Board after a hearing in April, 1977 to determine petitioner's eligibility for parole on the new sentence denied parole for specified reasons. Petitioner's claim that the findings and reasons substantiating those findings are arbitrary, capricious, discriminating, prejudicial and contrary to due process of law is without merit. The board may properly consider the nature and circumstances of his prior convictions as well as his

instability and history of narcotics use in satisfying a proper standard for denial of parole *(Greenholtz v Inmates of Nebraska Penal & Correctional Complex,* 442 US 1). That portion of the new sentence fixing an indeterminate term of imprisonment which shall have a maximum of four years and a minimum term of two years as a predicate felon to run consecutively with the prior sentence is proper pursuant to section 70.30 (subd 1, par [b]) of the Penal Law. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Doerr, JJ.