OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, with costs, and the proceeding remitted to Supreme Court with direction to remand to respondents for recomputation of the time calculations in accordance with this memorandum.
 

 In 1984, while paroled from consecutive sentences imposed in 1980, petitioner was arrested for burglary. He was later convicted of the charges and sentenced to a 3-to-6-year indeterminate term. His parole from the 1980 sentence was revoked because of the burglary charges, but by stipulation between the parties the revocation was subsequently set aside because proper notice of the revocation charges had not been provided
 
 (but see,
 
 Executive Law § 259-i [3] [d] [iii] [L 1984, ch 413, § 2] [indicating revocation will be automatic in future cases where parolee convicted of crime committed on parole]).
 

 In calculating petitioner’s term of imprisonment, the dates on which he will be eligible for parole and conditional release and the maximum expiration date of his sentences, respondents determined his 1980 and 1984 sentences had to be aggregated. Initially, respondents employed an aggregation method pursuant to which petitioner would serve the balance of the parole supervision time owed under his 1980 sentence after serving his 1984 sentence. His projected conditional release date
 
 (see,
 
 Penal Law § 70.40 [1] [b]; Correction Law § 803) was based on the maximum term of the 1984 sentence only and his jail time credit (Penal Law § 70.30 [3]) was
 
 *945
 
 deducted from the court-imposed minimum and maximum terms. This computation satisfied the aggregation requirements of Penal Law § 70.30 (1) (b), yet the stipulation setting aside his parole revocation was also given effect because he was not exposed to incarceration on the balance of the 1980 sentence.
 

 Respondents subsequently recalculated the aggregated sentence by adding the time remaining on petitioner’s 1980 sentence to the maximum sentence he received under the 1984 sentence. Under this computation the aggregate maximum sentence time was determined to be approximately nine years. Respondents then calculated petitioner’s potential conditional release date based on the aggregate maximum sentence. The consequence to petitioner of the change in calculations was the loss of jail time credit off his minimum sentence, an extension in the time before his conditional release date, and an increase in the maximum time he could spend in custody.
 

 Petitioner commenced this proceeding contending: his 1980 sentence should run concurrently and should not be aggregated with his 1984 sentence; he should not have to serve any time in custody on his 1980 sentence because his parole from that sentence was not revoked; and he was entitled to jail time credit he had not received. Supreme Court dismissed the petition. The Appellate Division reversed, finding petitioner entitled to the jail time credit he sought. The Appellate Division agreed with Supreme Court on the issue now before us, however, holding that because petitioner’s sentences were to run consecutively
 
 (see,
 
 Penal Law § 70.25 [2-a]), they had to be aggregated
 
 (see,
 
 Penal Law § 70.30 [1] [b]). It did not address which aggregation method used by respondents was proper, but implicitly held the recalculated sentence was computed using the correct method.
 

 We agree with the Appellate Division that petitioner’s sentences had to be aggregated, but disagree, under these facts, as to the aggregation method which should be used. Petitioner’s maximum potential time under custody should not be increased by the sentence time owed on his 1980 sentence because his parole from that sentence was not revoked. The second method used by respondents in calculating his aggregated sentence is thus erroneous. The initial time calculation, however, did not subject petitioner to additional incarceration for his unrevoked parole sentence and was therefore proper
 
 (see, Matter of Concepcion v New York State
 
 
 *946
 

 Bd. of Parole,
 
 71 AD2d 819;
 
 see also, Matter of Smith v Chairman of N. Y. State Bd. of Parole,
 
 60 AD2d 775,
 
 affd
 
 44 NY2d 982,
 
 cert denied sub nom. Henderson v Majors,
 
 439 US 1088;
 
 Matter of Piersma v Henderson,
 
 60 AD2d 1001,
 
 affd
 
 44 NY2d 982;
 
 Matter of Edge v Regan,
 
 55 AD2d 940;
 
 People ex rel. Royster v Bombard,
 
 55 AD2d 940). Petitioner is thus to serve his 1984 sentence and then serve his parole supervision time owed on his 1980 sentence. His aggregated sentence should be recomputed employing the first time calculation method. This method not only effectuates the stipulation which provided petitioner’s parole would not be revoked, but also credits him with the 217 days of jail time to which the Appellate Division found him entitled.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to petitioner, and matter remitted to Supreme Court, Albany County, with directions to remand to respondents for recomputation in accordance with the memorandum herein and, as so modified, affirmed.