■ In the Matter of DERRICK PATTERSON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [750 NYS2d 362] —Mugglin, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered January 2, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a

determination calculating the length of petitioner's term of imprisonment.

Petitioner is currently incarcerated following his fourth judgment of criminal conviction. The most recent sentences, imposed in 1998, include three determinate sentences of eight years and two indeterminate sentences of 3⅓ to 7 years, all of which are to be served concurrently. Petitioner was first advised by the Department of Correctional Services (hereinafter DOCS) that his maximum expiration date was October 27, 2006, and his tentative conditional release date was August 22, 2004. Subsequently, DOCS informed petitioner that these computations were in error because certain previous prison sentences, imposed in 1981, 1986 and 1994, had not been considered. DOCS's recomputation determined petitioner's maximum expiration date to be September 28, 2013 and his tentative conditional release date to be June 3, 2008. Upon exhaustion of his administrative remedies, petitioner instituted this CPLR article 78 proceeding in which he argues that DOCS improperly included the time remaining to be served on his 1981 sentence in its calculations, that DOCS is estopped from making any recalculations of his expiration and release dates, and, in any event, that the recalculation of his maximum expiration date is erroneous. Supreme Court dismissed the petition as meritless and petitioner appeals.

First, there is no merit to petitioner's assertion that DOCS is now estopped from correcting its initial error in calculating his expiration and release dates. DOCS has a "continuing, nondiscretionary, ministerial duty" to make accurate calculations of terms of imprisonment, a duty that requires it to correct known errors (*Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572, 573, *appeal dismissed* 97 NY2d 725; *see Matter of Bottom v Goord*, 96 NY2d 870, 872; *Matter of Grant v Goord*, 252 AD2d 978).

Petitioner's argument that DOCS improperly included the time remaining to be served on his 1981 maximum sentence in making its calculations is based upon the holding in *Matter of Sparago v New York State Bd. of Parole* (71 NY2d 943). Following his 1981 conviction, petitioner herein was released on parole in August 1985. He thereafter committed a drug-related crime and, based on his *arrest*, the Division of Parole filed a violation petition. In September 1986, petitioner was found guilty of violating the terms of his parole, but this judgment was subsequently vacated by Supreme Court in a CPLR article 78 proceeding where petitioner successfully argued that his parole revocation hearing had been untimely. Under these cir-

cumstances, petitioner argues that the holding in *Sparago* mandates that the time remaining to be served on the maximum term of his 1981 sentences may not be used to calculate any additional periods of incarceration, but that it is applicable solely to extend the period of his parole supervision following his release from prison. In our view, petitioner's reliance on *Sparago* is misplaced as it was decided by application of the law as it existed prior to the amendment of Executive Law § 259-i (3) (d) (iii) (as amended by L 1984, ch 413, § 2). As the Court of Appeals recognized in a parenthetical notation in *Sparago*, "revocation will be automatic in future cases where [a] parolee [has been] convicted of [a] crime committed on parole" (*Matter of Sparago v New York State Bd. of Parole, supra* at 944). Consequently, Supreme Court's order vacating the judgment finding petitioner guilty of a parole violation based on his *arrest* is not controlling. His subsequent *conviction* in October 1986 automatically revoked his parole. Since the holding in *Sparago* applies only where parole has not been revoked, it does not control this case of automatic revocation.

Next, petitioner's miscalculation argument is based on his assertion that the provisions of Penal Law § 70.30 (1) (d) apply and his maximum expiration date must be based solely on the determinate terms imposed in 1998. We disagree. The sentence imposed in 1998 must run consecutively to the unserved portions of the maximum sentences imposed in 1981, 1986 and 1994 (*see* Penal Law § 70.25 [2-a]). Because the 1998 sentences included both indeterminate and determinate terms, DOCS was required to employ two methods of calculation and then to select the larger of the resulting figures to determine petitioner's maximum expiration date. The first method, as set forth in Penal Law § 70.30 (1) (b), is applicable in calculating the length of a sentence in cases where a prisoner is serving two or more consecutive indeterminate sentences. The second method, as set forth in Penal Law § 70.30 (1) (d), is applicable in cases where a prisoner is serving one or more indeterminate sentences and one or more determinate sentences. Under the first calculation, DOCS arrived at the maximum expiration date by adding the maximum term of the 1998 indeterminate sentence to the time remaining on the maximum term of the previously imposed indeterminate sentences. In the latter calculation, DOCS added the determinate sentence to the time remaining on the minimum terms of the previously imposed indeterminate sentences. DOCS then chose the larger of the two resulting figures (based on the indeterminate sentences) in arriving at the maximum expiration date of September 28, 2013. We agree with Supreme Court that DOCS used the appropriate

methodology as dictated by Penal Law § 70.30 in making these calculations. Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.