■ In the Matter of KEITH MAGUIRE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [757 NYS2d 391] —Peters, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 2, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination calculating the length of petitioner's term of imprisonment.

In April 1985, petitioner was separately convicted of robbery in the first degree, attempted robbery in the first degree and a second count of robbery in the first degree and was sentenced to consecutive prison terms of 7 to 14 years, 4 to 8 years and 6 to 12 years, respectively. Based upon these sentences, the Department of Correctional Services (hereinafter DOCS) calculated a conditional release date of April 8, 1994 and a maximum sentence expiration of December 8, 1998. Petitioner was paroled in December 1991, but he was convicted of robbery in the third degree in April 1992. After petitioner was sentenced to a prison term of 2½ to 5 years for this robbery conviction, petitioner's conditional release date and maximum sentence expiration were calculated based upon this sentence without considering the unexpired sentences for petitioner's 1985 convictions. Petitioner was released from parole supervision for the 1992 conviction in May 1997.

Arrested in August 2000, petitioner was thereafter convicted of grand larceny and sentenced to a prison term of 3 to 6 years. In the course of calculating the conditional release date and maximum sentence expiration for this conviction, the error in calculating the release dates for petitioner's 1992 conviction was discovered. Because the date of delinquency for the 1992 parole violation could not be determined, the unexpired sentences from petitioner's 1985 convictions were added to the calculated release date for the 2000 conviction as an additional period of parole supervision, resulting in a maximum expiration of parole supervision date of June 3, 2009. Petitioner commenced this CPLR article 78 proceeding to challenge this calculation. Supreme Court dismissed the petition as meritless and petitioner appeals.

We affirm. We reject petitioner's contention that DOCS is estopped from including the unexpired sentences from his 1985 convictions in its sentence calculations because he had been

released from parole supervision in 1997. DOCS has a " 'continuing, nondiscretionary, ministerial duty' to make accurate calculations of terms of imprisonment, a duty that requires it to correct known errors" (*Matter of Patterson v Goord*, 299 AD2d 769, 770 [2002], quoting *Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572, 573 [2001], *appeal dismissed* 97 NY2d 725 [2002]). Here, petitioner's parole on the 1985 convictions was revoked by operation of law when he was convicted of another felony in 1992 (*see* Executive Law § 259-i [3] [d] [iii]; *People ex rel. Melendez v Bennett*, 291 AD2d 590, 590 [2002], *lv denied* 98 NY2d 602 [2002]), but no delinquency was established for this parole violation. Once the sentencing error for the 1992 conviction was discovered, DOCS was required to recalculate petitioner's sentence. We conclude that petitioner's maximum sentence was properly aggregated using the methodology of *Matter of Sparago v New York State Bd. of Parole* (71 NY2d 943 [1988]). Accordingly, the petition in this matter was properly dismissed.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.