■ In the Matter of MICHAEL DALTON, Respondent, v RANDY JAMES, as Superintendent of Camp Georgetown Correctional Facility, et al., Appellants. [886 NYS2d 258]—

Appeal from a judgment of the Supreme Court (Garry, J.), entered December 2, 2008 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR

article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In July 2005, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of criminal sale of a controlled substance in the fifth degree. Both the sentence and commitment order and the sentencing minutes failed to address the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services thereafter calculated petitioner's 2005 sentence as running consecutively to his prior undischarged prison terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding, annulled the sentencing calculation and ordered that petitioner be resentenced. This appeal by respondents followed.

There is no dispute that petitioner was sentenced in 2005 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute requires the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of a judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Peters, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.