■ In the Matter of KEVIN LIVINGSTON, Respondent, v RANDY JAMES, as Superintendent of Camp Georgetown Correctional Facility, et al., Appellants. [886 NYS2d 257]—

Appeal from a judgment of the Supreme Court (Garry, J.),

entered December 2, 2008 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Correctional Services calculating petitioner's prison sentence.

In July 2004, petitioner was convicted of criminal possession of a controlled substance in the fourth degree and was sentenced as a second felony offender to a prison term of 3 to 6 years. The sentence and commitment order failed to specify whether this sentence was to run consecutively to or concurrently with petitioner's prior undischarged prison term. Respondent Department of Correctional Services (hereinafter DOCS) calculated petitioner's 2004 sentence as running consecutively to petitioner's prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding, annulled DOCS's sentencing computation and directed that petitioner be resentenced. This appeal by respondents followed.

Where a statute mandates the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Gathers v Artus*, 63 AD3d 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365 [2009]). As a second felony offender, petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and, therefore, we discern no error in DOCS's computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.