■ In the Matter of Javon High, Respondent, v Calvin Rabsatt, as Superintendent of Riverview Correctional Facility, Appellant. [888 NYS2d 798]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 2, 2008 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 2007, petitioner was sentenced as a second felony offender to two years in prison followed by one year of postrelease supervision upon his conviction of attempted criminal posses-

sion of a controlled substance in the fifth degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2007 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding challenging the legality of his continued incarceration and contending that he had improperly been denied parole release. Shortly thereafter, this Court decided *People ex rel. Gill v Greene* (48 AD3d 1003 [2008], *revd* 12 NY3d 1 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]), and petitioner filed a supplemental petition challenging the calculation of his prison term. Supreme Court converted the matter to this CPLR article 78 proceeding, treated the supplemental petition as a motion to amend the petition and, following service of respondent's answer thereto, annulled the sentencing computation. This appeal by respondent followed.

Preliminarily, petitioner's conditional release to parole supervision in September 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, his maximum expiration date (*cf. People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]).

There is no dispute that petitioner was sentenced in 2007 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires—even in the absence of a particular directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364, 1365 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (*see People ex rel. Lopez v Yelich*, 63 AD3d at 1434). Supreme Court's judgment is, therefore, reversed, and the amended petition is dismissed.

Peters, J.P., Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.