■ In the Matter of BENJAMIN LOWMAN, Appellant-Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent-Appellant. [888 NYS2d 797]—

Cross appeals from an amended judgment of the Supreme Court (Cahill, J.), entered December 10, 2008 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 2006, petitioner was sentenced as a second felony offender to a controlling prison term of $2^1/2$ to 5 years upon his conviction of criminal possession of stolen property in the third degree and assault in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2006 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. By judgment entered November 26, 2008, Supreme Court annulled the sentencing calculation and ordered the Department of Correctional Services to run petitioner's 2006 sentence concurrently with his prior undischarged term. Thereafter, by amended judgment entered December 10, 2008, Supreme Court annulled the sentencing calculation but omitted the affirmative directive that the relevant sentences run concurrently. Petitioner appeals, seeking reinstatement of the omitted

language, and respondent cross-appeals seeking dismissal of the petition in its entirety.

Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express directive to that effect (*see People ex rel. Gill v Greene,* 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock,* 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera,* 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich,* 63 AD3d 1424, 1425 [2009]; *People ex rel. Styles v Rabsatt,* 63 AD3d 1365, 1366 [2009]). As there is no dispute that petitioner was sentenced as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in the computation of his sentence (*see People ex rel. Lopez v Yelich,* 63 AD3d 1433, 1434 [2009]). Accordingly, Supreme Court's amended judgment is reversed and the petition is dismissed.

Cardona, P.J., Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the amended judgment is reversed, on the law, without costs, and petition dismissed.