■ In the Matter of RICHARD GARNER, Respondent, v FRANCISCO RIVERA, as Superintendent of Wallkill Correctional Facility, et al., Appellants. [888 NYS2d 922]—

In 2004, petitioner was sentenced as second felony offender to a prison term of 2 to 4 years upon his conviction of criminal sale of a controlled substance in the fifth degree. Neither the sentence and commitment order nor the sentencing minutes addressed the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. Respondent Department of Correctional Services treated petitioner's 2004 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondents followed.

Preliminarily, petitioner's conditional release to parole supervision in July 2009 does not render this proceeding moot as the sentencing calculation affects, among other things, petitioner's maximum expiration date (*cf. People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). Turning to the merits, where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence the law requires—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]; *People ex rel. Hunter v Yelich*, 63 AD3d 1424, 1425 [2009]; *People ex rel. Styles v Rabsatt*, 63 AD3d 1365, 1366 [2009]). As there is no dispute that petitioner was sentenced as a second felony offender and, hence, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Spain, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.