In the Matter of JOSE CASTRO, Respondent, v FRANCISCO RIVERA, as Superintendent of Wallkill Correctional Facility, et al., Appellants. [891 NYS2d 299]—

In December 2002, petitioner was sentenced as a second felony offender to a prison term of 3¹/₂ to 7 years upon his conviction of attempted criminal sale of a controlled substance in the third degree. The sentence and commitment order was silent as to the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 2002 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondents followed.

Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence required by law—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v*

*Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103 [2009]; *Matter of Livingston v James*, 66 AD3d 1096 [2009]; *Matter of Dalton v James*, 66 AD3d 1095 [2009]). As there is no dispute that petitioner was sentenced in 2002 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Spain, J.P., Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.