■ In the Matter of FRANCISCO SUSTACHE, Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Appellant. [891 NYS2d 922]—

In 2005, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of criminal possession of a weapon in the third degree. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 2005 sentence as running consecutively to his prior undischarged terms, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge that computation. Supreme Court annulled the sentencing calculation and this appeal by respondent ensued.

Preliminarily, petitioner's conditional release to parole supervision in May 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, petitioner's maximum expiration date (cf. *People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). Turning to the merits, although the sentencing court here stated that it had no objection to petitioner's 2005 sentence running concurrently with petitioner's "time for parole," Penal Law § 70.25 (2-a) requires that a second felony offender's new commitment run consecutively to his or her prior undischarged terms. As petitioner was sentenced in 2005 as a second felony offender, he was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a sentencing court is compelled by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—regardless of whether the court so orders (see *People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103 [2009]; *Matter of Livingston v James*, 66 AD3d 1096 [2009]; *Matter of Dalton v James*, 66 AD3d 1095 [2009]). Accordingly, we discern no error in the computation of petitioner's sentence (see *Matter of Hunt v Fischer*, 66 AD3d 1105 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.