■ In the Matter of MICHAEL MARTIN, Respondent, v WILLIAM BROWN, as Superintendent of Eastern Correctional Facility, et al., Appellants. [891 NYS2d 920]—

---

Petitioner was convicted in 1997 of kidnapping in the second degree, robbery in the first degree, robbery in the second degree, unlawful imprisonment in the first degree and grand larceny in the fourth degree and was sentenced as a second felony offender to an aggregate term of 20 years in prison. Neither the sentence and commitment order nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. Respondent Department of Correctional Services treated petitioner's 1997 sentence as running consecutively to his prior undischarged term, and petitioner thereafter commenced a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondents ensued.

There is no question that petitioner was sentenced in 1997 as a second felony offender and, hence, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103, 1104 [2009]; *Matter of Livingston v James*, 66 AD3d 1096, 1097 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). Accordingly, we perceive no error in the computation of petitioner's sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]). Supreme Court's judgment is, therefore, reversed and the petition is dismissed.

Cardona, P.J., Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.