■ In the Matter of CHARLES DANIELS, Respondent, v RANDY JAMES, as Superintendent of Camp Georgetown Correctional Facility, et al., Appellants. [893 NYS2d 702]—

Petitioner was sentenced in 1987, 2000 and 2003 as a second felony offender to various terms of imprisonment upon his conviction of certain drug-related crimes. None of the relevant sentence and commitment orders or sentencing minutes made any mention of the manner in which the sentences imposed thereunder were to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 2000 and 2003 sentences as running consecutively to his prior undischarged terms, prompting

petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation and this appeal by respondents ensued.

Preliminarily, petitioner's release to parole supervision in July 2009 does not render this proceeding moot, as the challenged sentencing calculation affects, among other things, his maximum expiration date (*cf. People ex rel. Berman v Artus*, 63 AD3d 1436, 1437 [2009]). Turning to the merits, there is no dispute that petitioner was sentenced in 2000 and 2003 as a second felony offender and, as such, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103, 1104 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]; *Matter of Livingston v James*, 66 AD3d 1096, 1097 [2009]). As we perceive no error in the computation of petitioner's sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]), Supreme Court's judgment is reversed and the petition is dismissed.

Mercure, J.P., Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.