■ In the Matter of THOMAS LILLEY, Respondent, v RANDY JAMES, as Superintendent of Camp Georgetown Correctional Facility, et al., Appellants. [892 NYS2d 804]—

Petitioner was sentenced in 2002 as a second felony offender to a prison term of 4 to 8 years upon his conviction of attempted criminal possession of a controlled substance in the third degree. The sentence and commitment order, however, was silent as to the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 2002

sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. Respondents now appeal.

Where a statute compels the imposition of a consecutive sentence, the sentencing court is deemed to have imposed the consecutive sentence required by law—regardless of whether it issues a specific directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103 [2009]; *Matter of Dalton v James*, 66 AD3d 1095 [2009]; *Matter of Livingston v James*, 66 AD3d 1096 [2009]). As there is no dispute that petitioner was sentenced in 2002 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we perceive no error in the computation of his sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. **[Prior Case History: 22 Misc 3d 456.]**