■ In the Matter of Arthur Blake, Appellant, v Brian Fischer, as Commissioner of Correctional Services, et al., Respondents. [894 NYS2d 923]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 17, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In 2006, petitioner was sentenced as a second felony offender to an aggregate prison term of 6 to 12 years upon his conviction of robbery in the third degree (four counts) and burglary in the third degree. Neither the sentence and commitment orders nor the sentencing minutes specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services calculated petitioner's 2006 sentence as running consecutively to his prior undischarged term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court granted respondents' motion to dismiss and this appeal by petitioner ensued.

There is no dispute that petitioner was sentenced in 2006 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial pronouncement to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Lowman v Fischer*, 67 AD3d 1271, 1272 [2009]; *Matter of High v Rabsatt*, 67 AD3d 1262, 1263 [2009]). Accordingly, we discern no error in

the computation of petitioner's sentence (*see Matter of Garner v Rivera*, 68 AD3d 1230, 1231 [2009]).*

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* To the extent that petitioner contends that he was denied the benefit of his plea bargain, his remedy is to seek whatever postconviction relief may be available to him in the form of a CPL article 440 motion.