THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUDY TAYLOR, Appellant, v MICHAEL CORCORAN, Superintendent, Cayuga Correctional Facility, Respondent. [897 NYS2d 564]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered November 24, 2008 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus on the ground that the Department of Correctional Services (DOCS) improperly calculated the sentence imposed in 1995 to run consecutively with the undischarged sentence imposed in 1993. Supreme Court did not specify how the 1995 sentence would be served with respect to the 1993 sentence, and petitioner contends that DOCS did not

have the authority to determine that it would run consecutively to the 1993 sentence. We reject that contention. Pursuant to Penal Law § 70.25 (2-a), where, as here, the defendant is sentenced as a second felony offender and "is subject to an undischarged . . . sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence." Further, the Court of Appeals has stated that "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied* 558 US —, 130 S Ct 86 [2009]; *see Matter of Daniels v James*, 69 AD3d 1247 [2010]; *Matter of Lilley v James*, 69 AD3d 1248 [2010]; *Matter of Sustache v Fischer*, 69 AD3d 1149 [2010]). "Thus, contrary to the petitioner's contention, DOCS did not exceed its authority in determining that his [1995 sentence] must run consecutively to the [1993 sentence]" (*Matter of Robinson v Marshall*, 70 AD3d 703, 704 [2010]). Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.