■ In the Matter of WILFREDO RIVERA, Respondent, v JUSTIN A. TAYLOR, as Superintendent of Gouverneur Correctional Facility, Appellant. [896 NYS2d 692]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 23, 2009 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence.

Petitioner was sentenced in 1998 as a second felony offender to an aggregate prison term of 7½ to 15 years upon his conviction of robbery in the third degree, attempted robbery in the third degree and attempted assault in the second degree. Neither the sentence and commitment order nor the sentencing minutes made any mention of the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. The Department of Correctional Services treated petitioner's 1998 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that calculation and the legality of his continued incarceration. Supreme Court converted the matter to this CPLR article 78 proceeding and annulled the sentencing calculation. This appeal by respondent followed.

Petitioner was sentenced in 1998 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence required by law—notwithstanding the court's silence on this point (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; Matter of Tucker v New York State Dept. of Correctional Servs., 66 AD3d 1103, 1104 [2009]; Matter of Livingston v James, 66 AD3d 1096, 1097 [2009]; Matter of Dalton v James, 66 AD3d 1095, 1096 [2009]). As we perceive no error in the computation of petitioner's sentence (see Matter of Hunt v Fischer, 66 AD3d 1105, 1106 [2009]), Supreme Court's judgment is reversed and the petition is dismissed.

Cardona, P.J., Peters, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.