■ In the Matter of EDWARD RABAEV, Appellant, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [897 NYS2d 924]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 4, 2009 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In 2006, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of criminal

possession of stolen property in the third degree. Neither the sentence and commitment order, nor the sentencing minutes, specified the manner in which this sentence was to run relative to petitioner's prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner's 2006 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence a habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. After Supreme Court converted the matter to this CPLR article 78 proceeding, respondents moved to dismiss the petition. Supreme Court granted respondents' motion and this appeal ensued.

Where a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Livingston v James*, 66 AD3d 1096, 1097 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). Inasmuch as petitioner was sentenced in 2006 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]).

Contrary to petitioner's assertion, calculating his sentence in compliance with Penal Law § 70.25 (2-a) neither imposes an additional sentence, constitutes a corrected sentence nor amounts to a resentencing. To the extent that petitioner contends that such sentence deprives him of the benefit of his plea bargain, his remedy is to seek whatever postconviction relief may be available to him in the context of a CPL article 440 motion.

Petitioner's remaining contentions, including his due process claims, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.