■ In the Matter of RONALD HAYES, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 874]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered July 15, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In June 2002, petitioner was sentenced as a persistent violent felony offender to a controlling prison term of 20 years to life upon his conviction of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and criminal possession of stolen property in the third degree. Thereafter, in March 2003, petitioner was sentenced as a persistent violent felony offender to 20 years to life upon his conviction of robbery in the first degree. Although the 2003 sentence and commitment order specified that said sentence was to run concurrently with the sentence imposed in 2002, neither the 2002 nor the 2003 sentence and commitment order addressed the manner in which those sentences were to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's concurrent 2002/2003 sentences as running consecutively to his prior undischarged term, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination. Supreme Court granted respondent's subsequent motion to dismiss and this appeal ensued.

We affirm. Contrary to petitioner's assertion, the fact that the sentence and commitment orders do not specify the particular provision of the Penal Law under which the challenged sentences were imposed is of no moment. There is no dispute that petitioner was sentenced as a persistent violent felony offender (*see* Penal Law § 70.08) in 2002 and 2003 and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where, as here, a statute compels the sentencing

court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires—notwithstanding the court's silence on this point (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Tucker v New York State Dept. of Correctional Servs.*, 66 AD3d 1103, 1104 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). As we discern no error in the computation of petitioner's sentence (*see Matter of Garner v Rivera*, 68 AD3d 1230, 1231 [2009]), Supreme Court properly granted respondent's motion to dismiss the petition.

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.