██ In the Matter of MOISES COLON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [903 NYS2d 800]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered October 6, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 2005, while on parole in connection with prior convictions, petitioner was sentenced as a persistent violent felony offender to an aggregate prison term of 20 years to life upon his conviction of various crimes including, among others, criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the third degree (three counts). Upon direct appeal, the First Department modified by vacating the persistent violent felony offender adjudication, the sentences imposed upon the convictions for criminal possession of a weapon in the second degree and the convictions for criminal possession of a weapon in the third degree (*People v Colon*, 45 AD3d 457 [2007], *lv denied* 10 NY3d 809 [2008]). As a result, petitioner was resentenced in 2008 as a second violent felony of-

fender and, as to the three counts of criminal possession of a weapon in the second degree, a sentence of 12 years followed by five years of postrelease supervision was imposed. Although the 2008 sentence and commitment order indicated that the sentences imposed on the weapons charges were to run concurrently with each other and with the previously imposed sentences (i.e., the sentences imposed in 2005 on the remaining counts of the indictment), neither the 2005 nor the 2008 sentence and commitment order specified the manner in which those sentences were to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2005/2008 sentences as running consecutively to his prior undischarged prison term, prompting petitioner to commence this CPLR article 78 proceeding to challenge that computation. Supreme Court dismissed petitioner's application and this appeal ensued.

We affirm. Where a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Lowman v Fischer*, 67 AD3d 1271, 1272 [2009]; *Matter of Livingston v James*, 66 AD3d 1096, 1097 [2009]). As there is no dispute that petitioner's 2005/2008 sentences were subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation thereof (*see Matter of Garner v Rivera*, 68 AD3d 1230, 1231 [2009]).

We also reject petitioner's assertion that the Department of Correctional Services is estopped from correcting its initial error in calculating his maximum expiration and conditional release dates. The Department of Correctional Services "has a continuing, nondiscretionary, ministerial duty to make accurate calculations of terms of imprisonment, a duty that requires it to correct known errors" (*Matter of Patterson v Goord*, 299 AD2d 769, 770 [2002] [internal quotation marks and citations omitted]; *see People ex rel. Jackson v Morrissey*, 43 AD3d 1301, 1302 [2007], *lv denied* 9 NY3d 816 [2007]; *Matter of Maguire v New York State Div. of Parole*, 304 AD2d 1003, 1004 [2003]).

Peters, J.P., Lahtinen, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.