*1125 Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered March 5, 2009 in Saratoga County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 70, without a hearing.
In 2003, petitioner was sentenced as a second felony offender to a prison term of 2 to 4 years upon his conviction of attempted criminal possession of a controlled substance in the fifth degree. The underlying sentence and commitment order made no mention of the manner in which this sentence was to run relative to petitioner’s prior undischarged prison terms. Respondent Department of Correctional Services treated petitioner’s 2003 sentence as running consecutively to his prior undischarged terms, prompting petitioner to commence this habeas corpus proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court granted respondents’ subsequent motion to dismiss and this appeal ensued.
We affirm. Where a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—notwithstanding the court’s silence on this point (see People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; Matter of Hayes v Fischer, 73 AD3d 1305, 1305-1306 [2010]; Matter of Rivera v Taylor, 71 AD3d 1353 [2010]). Inasmuch as petitioner was sentenced in 2003 as a second felony offender and, hence, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (see Matter of Avent v Fischer, 70 AD3d 1145, 1146 [2010]). Petitioner’s remaining contentions, including his assertion that respondents’ return was untimely, have been examined and found to be lacking in merit.
Mercure, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.