Appeal from a judgment of the Supreme Court (Devine, J.), entered May 4, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
In April 1999, petitioner was sentenced as a second violent felony offender to an aggregate prison term of 12½ to 25 years. At that time, petitioner owed four years, four months and two days on a prior undischarged prison term, and the sentence and commitment order was silent as to the manner in which the *1151 1999 sentences were to run relative to petitioner’s prior undischarged term. The Department of Correctional Services calculated petitioner’s 1999 sentences as running consecutively to his prior undischarged term and, further, aggregated the two sentences for purposes of calculating petitioner’s tentative conditional release date. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge those computations, and respondent moved to dismiss for failure to state a cause of action. Supreme Court granted respondent’s motion and this appeal ensued.
We affirm. Petitioner now concedes that his current sentence must run consecutively to his prior undischarged prison term (see Penal Law § 70.25 [2-a]; People ex rel. Gill v Greene, 12 NY3d 1, 4 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]; Matter ofLowman v Fischer, 67 AD3d 1271, 1272 [2009]). Further, contrary to petitioner’s assertion, “calculating his sentence in compliance with Penal Law § 70.25 (2-a) neither imposes an additional sentence, constitutes a corrected sentence nor amounts to a resentencing” (Matter of Rabaev v Yelich, 72 AD3d 1301, 1302 [2010]). Accordingly, we discern no error in the computation of petitioner’s sentence (see Matter of Garner v Rivera, 68 AD3d 1230, 1231 [2009]).
We reach a similar conclusion regarding petitioner’s tentative conditional release date. Pursuant to Correction Law § 803 (2) (b), an inmate serving two or more indeterminate sentences that run consecutively may receive a good time allowance not to exceed one third of the inmate’s “aggregate maximum term.” In calculating petitioner’s tentative conditional release date, the Department added the maximum term owed on the 1999 sentences (25 years) to the time owed on the prior undischarged term (four years, four months and two days), resulting in an aggregate maximum term of 29 years, four months and two days and a tentative conditional release date of February 29, 2016. Petitioner argues that this is erroneous, contending that his tentative conditional release date should be based solely upon the maximum term imposed on his 1999 sentences.* Based upon our reading of Correction Law § 803 (2) (b) and Matter of Patterson v Goord (299 AD2d 769, 771 [2002]), we cannot agree. Moreover, petitioner concedes that he still must serve the four years, four months and two days owed on his prior undischarged term and, contrary to petitioner’s assertion, this time was “interrupted” only until his return to custody on May 4, 1999 (see Penal Law § 70.40 [3] [a]). Petitioner’s remaining conten *1152 tions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Cardona, P.J., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 According to petitioner, this would yield a tentative conditional release date of April 13, 2013.