■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM RANDALL, Appellant, v JAMES WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [916 NYS2d 288]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered March 3, 2010 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 1987 of two counts of robbery in the first degree and criminal impersonation in the first degree and sentenced as a second felony offender to an aggregate prison term of 13 years to life. Petitioner was paroled in 2002 and, in 2004, was convicted of robbery in the third degree and sentenced as a second felony offender to 3½ to 7 years in prison, but the sentencing court was silent about how that term was to be

served relative to his 1987 sentence. Based upon his new felony conviction, petitioner was provided with a notice of final declaration of delinquency by the Board of Parole in May 2004. Thereafter, believing that he was entitled to be released on his conditional release date pursuant to his 2004 sentence, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus. Supreme Court denied the petition without a hearing and this appeal ensued.

We affirm. Initially, we note that, contrary to petitioner's contention, his 2004 sentence was required to run consecutively to his 1987 sentence by operation of law (see Penal Law § 70.25 [2-a]; *People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434, 1435 [2009]). Likewise, petitioner's parole on his 1987 sentences was revoked by operation of law based upon his 2004 felony conviction (see Executive Law § 259-i [3] [d] [iii]; *Matter of Meade v Boucaud*, 67 AD3d 1263, 1264 [2009]; *Matter of Patterson v Goord*, 299 AD2d 769, 770-771 [2002]). Because petitioner is serving a prison sentence with a maximum term of life, he is ineligible to earn good time and, therefore, has no conditional release date (see Correction Law § 803 [1] [a]; *People ex rel. Emm v Hollins*, 299 AD2d 850 [2002], *lv denied* 99 NY2d 505 [2003]). As a result, the Department of Correctional Services properly calculated his parole eligibility date to coincide with the maximum expiration date of his 2004 sentence.

Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.