People ex rel. Russell v Wendland (2022 NY Slip Op 00930)





People ex rel. Russell v Wendland


2022 NY Slip Op 00930


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

533194
[*1]The People of the State of New York ex rel. Derrick Russell, Appellant,
v
Rosemarie Wendland, as Superintendent of Ulster Correctional Facility, Respondent.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Derrick Russell, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Mott, J.), entered June 8, 2021 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 1982, petitioner was convicted of, among other crimes, murder in the second degree and was sentenced to a prison term of 20 years to life for that conviction and to lesser indeterminate concurrent prison terms for his other convictions. In 2009, petitioner was released on parole supervision. In 2016, while released on parole, petitioner was convicted of two counts of attempted criminal possession of a weapon in the second degree and was sentenced, as a second violent felony offender, to concurrent prison terms of five years for each conviction, to be followed by five years of postrelease supervision. Upon returning to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS), DOCCS treated his 2016 sentence as being consecutive to his 1982 undischarged sentence and calculated a parole eligibility date of March 12, 2020, with life imprisonment being his remaining maximum term of imprisonment.
In July 2020, while in the continued custody of DOCCS, petitioner filed an application for a writ of habeas corpus pursuant to CPLR article 70 in Supreme Court, Jefferson County, naming the superintendent of Cape Vincent Correctional Facility as the respondent. In that proceeding, petitioner alleged that the operative and controlling sentence was his 2016 sentence and that he had already served enough of that sentence to earn conditional release. Supreme Court (McClusky, J.) denied the application on the ground that petitioner's 1982 and 2016 sentences run consecutively to one another by operation of law and are served as a single aggregate prison term that expires upon petitioner's death, subject only to discretionary release by the Board of Parole and not by conditional release as petitioner had argued.
In January 2021, following petitioner's transfer to Ulster Correctional Facility, he commenced this CPLR article 70 proceeding seeking a writ of habeas corpus, again advancing his claim that his 2016 sentence is the controlling sentence and that he has served enough of that sentence to be conditionally released. Supreme Court (Mott, J.) dismissed the application, finding that this proceeding was barred by res judicata because the issues raised by petitioner relating to the treatment of his sentences were already raised and determined in the prior proceeding in Jefferson County. The court, in the alternative, also rejected petitioner's application on the merits, finding that his 2016 determinate sentence must, by operation of law, run consecutively to his 1982 indeterminate sentence, thereby precluding calculation of a conditional release date and subjecting him only to discretionary release. Petitioner appeals.
We affirm. The record establishes that petitioner previously submitted [*2]an application for a writ of habeas corpus in Jefferson County alleging the gravamen of the same claim that he alleges here; to wit, that his 2016 sentence should run concurrently with his 1982 sentence, that his 2016 sentence is the controlling sentence and that he has served enough of that sentence to be conditionally released. Inasmuch as the legality of petitioner's detention was determined by a court of this state in a prior proceeding seeking a writ of habeas corpus, the instant petition, which is not supported by any changed circumstances, is a successive application for habeas corpus relief (see CPLR 7003 [b]). Accordingly, Supreme Court acted within its discretion in determining that the prior decision is entitled to res judicata effect (see People ex rel. Cortez v Travis, 275 AD2d 1021, 1022 [2000]; People ex rel. Johnson v Walker, 262 AD2d 1005, 1005 [1999], lv denied 93 NY2d 818 [1999], cert denied 528 US 1165 [2000]; People ex rel. Graham v Senkowski, 243 AD2d 979, 979 [1997], lv denied 91 NY2d 808 [1998]).
Were we to reach the merits, we would observe that petitioner's challenge in this proceeding to the legality of his sentence is without merit, as his 2016 sentence was required by operation of law to run consecutively to his 1982 sentence, resulting in an aggregate indeterminate sentence with a maximum of life imprisonment (see Penal Law §§ 70.25 [2-a]; 70.30 [1]; People ex rel. Gill v Greene, 12 NY3d 1, 6-7 [2009], cert denied sub nom. Gill v Rock, 558 US 837 [2009]; People ex rel. Randall v Walsh, 81 AD3d 1015, 1016 [2011]). As petitioner is serving an aggregate "prison sentence with a maximum term of life, he is ineligible to earn good time and, therefore, has no conditional release date" (People ex rel. Randall v Walsh, 81 AD3d at 1016; see Correction Law § 803 [1] [a]; People ex rel. Emm v Hollins, 299 AD2d 850 [2002], lv denied 99 NY2d 505 [2003]). As such, DOCCS properly calculated petitioner's parole eligibility date to coincide with the maximum expiration date of his 1982 sentence, and his release is controlled by the discretionary determination of the Board of Parole (see Penal Law §§ 70.20 [1]; 70.40 [1] [a]).
Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.