■ In the Matter of County of Westchester et al., Appellants, v Power Authority of the State of New York, Also Known as New York Power Authority, Respondent, and Upstate Utility Service Association et al., Intervenors-Respondents.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about March 1, 1991, which, *inter alia,* dismissed with prejudice so much of the petition in this proceeding pursuant to CPLR article 78 as challenges the contracts between intervenor utilities and respondent Power Authority allocating nonpreference hydroelectric power, unanimously affirmed, without costs.

As the IAS Court determined, most of the directives in Public Authorities Law § 1005 (5) are discretionary and present nonjusticiable policy questions *(see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo,* 64 NY2d 233), and the rest are couched in general terms that were clearly fulfilled by respondent's allocation which took into account numerous and complex economic factors affecting various consumers as well as the long-standing reliance of upstate consumers on respondent's hydropower plan. While one may disagree with the wisdom of that plan, it cannot be successfully challenged as arbitrary or capricious.

We also note that since the judgment in this case could have adversely affected the intervenor utilities and the Governor, they are indispensable parties who should have been joined *(see,* CPLR 1001 [a]; 7802 [a]). Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.