■ In the Matter of HILBERT TUNSTALL, Appellant, v CHARLES WARD, as Superintendent of Mt. McGregor Correctional Facility, Respondent. [680 NYS2d 269] —Appeal from a judgment of the Supreme Court (Keniry, J.), entered March 27, 1997 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

In 1990 petitioner, an inmate, was convicted of five counts of an indictment and sentenced to prison terms of $3\frac{1}{2}$ to 7 years on count one (burglary in the third degree), 2 to 4 years on count two (grand larceny in the fourth degree), $3\frac{1}{2}$ to 7 years on count four (reckless endangerment in the first degree), one year in jail on count five (reckless endangerment in the second degree) and 15 days in jail on count eight (improper exit from a highway). Petitioner commenced this CPLR article 78 proceeding contending that respondent improperly calculated his maximum sentence expiration date to be January 23, 2004. Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's contention, County Court's sentence and commitment order clearly indicates that the sentences imposed on count one and count four were intended to run consecutively, for an aggregate prison sentence of 7 to 14 years. Hence, petitioner's maximum sentence expiration date was properly computed. As for petitioner's assertion that his definite sentences should have been made to run concurrently with his indeterminate sentences (*see*, Penal Law § 70.35; *People v Leabo*, 84 NY2d 952, 953), that constitutes a challenge to the sentencing order itself—as opposed to respondent's interpretation or implementation of that order—which must be raised by postconviction motion (*see*, CPL 440.20), as it states no claim against respondent that can be addressed in this CPLR article 78 proceeding.

Mercure, J. P., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.