■ In the Matter of DINO CAROSELLI, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [704 NYS2d 319] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered January 8, 1999 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Following his conviction of several crimes stemming from his participation in an attempted armed robbery, petitioner was sentenced as a persistent violent felony offender to an aggregate prison term of 35 years to life. Thereafter, he commenced a habeas corpus proceeding challenging the sentence on the ground that the convictions providing the basis for the persistent violent felony offender adjudication were unconstitutionally obtained. Upon finding that petitioner would not be entitled to immediate release even if he were to prevail on his claim, Supreme Court denied the habeas corpus petition. Viewing the matter as a challenge to the computation of the term of incarceration, the court *sua sponte* converted it to a CPLR article 78 proceeding. Respondent, in turn, moved to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion resulting in this appeal.

Initially, we note that Supreme Court properly denied the habeas corpus petition inasmuch as petitioner's challenge to his persistent violent felony offender status was apparently raised and rejected on his direct appeal from the judgment of conviction and in his subsequent CPL article 440 motion (*see, People ex rel. Murray v Bartlett*, 234 AD2d 828, *lv dismissed* 89 NY2d 1002). Even if petitioner's claim had merit, the most he would have been entitled to was resentencing, not immediate release from prison. Consequently, habeas corpus relief did not lie under these circumstances (*see, People ex rel. McGourty v Senkowski*, 213 AD2d 954, *lv denied* 85 NY2d 812).

Moreover, we find no error in Supreme Court's dismissal of the matter after converting it to a CPLR article 78 proceeding. The crux of petitioner's complaint is the manner in which the

court determined his sentence, not any administrative determination of respondent which is subject to CPLR article 78 review. Insofar as petitioner has failed to state a claim cognizable in a CPLR article 78 proceeding, dismissal of the petition was warranted (*see, e.g., Matter of Tunstall v Ward*, 253 AD2d 910). Petitioner's remaining claims are either unpreserved for our review or lacking in merit.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.