■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY LAREW, Appellant. [783 NYS2d 132]—

Lahtinen, J. Appeal, by permission, from an order of the County Court of St. Lawrence County (Nicandri, J.), entered December 16, 2002, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of attempted murder in the second degree and burglary in the first degree (four counts), without a hearing.

Following his 1993 conviction of the crimes of attempted murder in the second degree and burglary in the first degree (four counts), defendant was sentenced as an armed felony offender to $12^{1}/_{2}$ to 25 years in prison upon his attempted murder conviction and $8^{1}/_{3}$ to 25 years upon each of his burglary convictions. The sentence imposed upon defendant's attempted murder conviction was set to run consecutive with the sentences imposed on the burglary counts. Defendant now appeals, with this Court's permission, from County Court's order denying his CPL 440.20 motion to set aside the sentence.

Defendant first contends, and the People concede, that the minimum term imposed upon defendant's 1993 attempted murder conviction should not have exceeded one third of the maximum ($8^{1}/_{3}$ years) since attempted murder in the second degree is not, by statutory definition, an armed felony offense (*see* CPL 1.20 [41]; Penal Law §§ 110.00, 125.25; *cf.* Penal Law § 70.02 [former (4)]).* Defendant's second contention, that the sentences associated with the attempted murder and the burglary convictions were impermissibly imposed consecutive to one another, is partially meritorious. It is well settled that concurrent sentences for individual offenses must be imposed "where a single act constitutes two offenses, or . . . where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]; *see* Penal Law § 70.25 [2]; *People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Wright*, 1 AD3d 707, 708-709 [2003], *lv denied* 1 NY3d 636 [2004]). Here, the actus reus element of attempted murder in the second degree was the act of shooting the victim with a handgun (*see* Penal Law §§ 110.00, 125.25). Inasmuch as the act of shooting the victim equates with the element of infliction of physical injury upon a nonparticipant in the crime and the use of a dangerous instrument, as charged in counts two and three, respectively, the sentences imposed for defendant's conviction on those burglary counts should run concurrent to the sentence imposed for the crime of attempted murder in the

---

* To the extent that defendant challenges the sufficiency of the evidence in support of his convictions, we note that this claim was not presented on defendant's motion before County Court and is therefore unpreserved for our review (*cf. People v Grant*, 269 AD2d 267 [2000]).

second degree. The sentences imposed on defendant's burglary convictions on count one (armed with a deadly weapon) and count four (displaying a firearm) were permissively imposed consecutively to the sentence imposed on the attempted murder conviction.

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, and motion granted to the extent that the minimum sentence imposed upon defendant's conviction of attempted murder in the second degree is reduced to 8⅓ years and the sentences imposed upon the convictions of burglary in the first degree under counts two and three of the indictment are to run concurrent to the sentence imposed for attempted murder in the second degree; and, as so modified, affirmed.

