■ In the Matter of Roy A. LAREW, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [917 NYS2d 329]—

Appeal from a judgment of the Supreme Court (Melkonian, J.), entered April 22, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the length of petitioner's sentence.

Petitioner was convicted in 1993 of attempted murder in the second degree and four counts of burglary in the first degree. As a result, he was sentenced as an armed felony offender to $12\frac{1}{2}$ to 25 years in prison for the attempted murder conviction and $8\frac{1}{3}$ to 25 years in prison for each burglary conviction, with those sentences to be served concurrently, but consecutive to the attempted murder sentence. On appeal to this Court, petitioner's minimum sentence for the attempted murder conviction was reduced to $8\frac{1}{3}$ years in prison and it was held that the sentences imposed for his convictions of burglary in the first degree under counts two and three of the indictment were required to run concurrently with that of the attempted murder conviction (People v Larew, 11 AD3d 727, 729 [2004]). However, this Court also held that the sentences imposed for his convictions of burglary in the first degree under counts one and four

of the indictment were permitted to be imposed consecutively to that imposed on the attempted murder conviction (*id.*). Thereafter, St. Lawrence County Court issued an amended commitment order pursuant to this Court's order and, as a result, respondent issued a new legal date computation. Petitioner, thus, commenced this CPLR article 78 proceeding to challenge respondent's time computation. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Insofar as this proceeding seeks to challenge respondent's computation of petitioner's prison terms, we start with the premise that Department of Correctional Service officials are conclusively bound by the contents of the commitment papers (*see Matter of Ramos v Goord*, 58 AD3d 921, 922 [2009]; *Matter of LaRocco v Goord*, 43 AD3d 500, 501 [2007]). In any event, we note that both the amended commitment order issued by County Court and respondent's resulting computation were consistent with this Court's decision modifying petitioner's sentence (*People v Larew*, 11 AD3d at 729).

To the extent that petitioner argues that the amended commitment order is invalid because it was not signed by a judge or issued in his presence, we note that this claim is not cognizable in a CPLR article 78 proceeding (*see generally Matter of Gray v Goord*, 37 AD3d 904, 905 [2007]; *Matter of Caroselli v Goord*, 269 AD2d 706, 706-707 [2000], *lv denied* 95 NY2d 754 [2000]).

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.