■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GLENN E. VAN NORSTRAND, Appellant, v HAROLD D. GRAHAM, Superintendent, Auburn Correctional Facility, Respondent. (Appeal No. 1.) [916 NYS2d 534]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered June 17, 2009 in a proceeding pursuant to CPLR article 70. The judgment denied and dismissed the petition for a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding for a writ of habeas corpus contending, inter alia, that he was denied effective assistance of counsel at sentencing and that the Board of Parole's determination denying him discretionary release to parole supervision was arbitrary, capricious and irrational. Supreme Court properly dismissed the petition. Petitioner's contention concerning the alleged ineffectiveness of counsel could have been raised on direct appeal or by way of a motion

pursuant to CPL 440.10, and thus habeas corpus relief is not available with respect to that contention (*see People ex rel. Lanfair v Corcoran*, 60 AD3d 1351 [2009], *lv denied* 12 NY3d 714; *People ex rel. Mills v Poole*, 55 AD3d 1289 [2008], *lv denied* 11 NY3d 712 [2008]). In any event, even if that contention had merit, petitioner would not be entitled to immediate release from custody, and thus habeas corpus relief is not available with respect to that contention for that reason as well (*see People ex rel. Gloss v Costello*, 309 AD2d 1160 [2003], *lv denied* 1 NY3d 504 [2003]; *Matter of Caroselli v Goord*, 269 AD2d 706 [2000], *lv denied* 95 NY2d 754 [2000]). Further, petitioner is not entitled to habeas corpus relief based upon the determination of the Board of Parole denying him discretionary release to parole supervision (*see People ex rel. Alford v Berbary*, 2 AD3d 1337 [2003], *lv denied* 2 NY3d 702 [2004], *cert denied* 542 US 942 [2004]). Finally, we reject the contention of petitioner that the court erred in denying his applications for assigned counsel (*see Gloss*, 309 AD2d at 1161). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.