■ In the Matter of MICHAEL FLOURNOY, Appellant, v SUPREME COURT CLERK, Respondents. [996 NYS2d 640]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Clerk of the Supreme Court, Kings County, to vacate an amended sentence and commitment order dated October 21, 2011, and to reinstate a previous order dated July 3, 1997, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated November 15, 2012, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In June 1997, after a jury trial, the petitioner was convicted of attempted murder in the second degree (two counts), assault in the first degree (two counts), assault in the second degree,

and criminal possession of a weapon in the second degree. On July 3, 1997, the Supreme Court sentenced the petitioner. As the minutes of the sentencing proceeding make clear, the court imposed an indeterminate term of imprisonment of 10 to 20 years on each of the two convictions of attempted murder in the second degree, to run consecutively to each other and consecutively to an indeterminate term of imprisonment of 7$\frac{1}{2}$ to 15 years on one of the convictions of assault in the first degree. Terms imposed on the remaining counts were to run concurrently with those three counts and with each other. Thus, the sentences totaled 27$\frac{1}{2}$ to 55 years of imprisonment. A sentence and commitment order was prepared by the Clerk of the Supreme Court. When the Department of Correctional Services, as it was then known, calculated the petitioner's sentences, it did so as though the sentence imposed upon the two convictions of attempted murder in the second degree were to run concurrently with each other, yielding an aggregate sentence of 17$\frac{1}{2}$ to 35 years. In 2011, the discrepancy was discovered, and the court issued an amended sentence and commitment order, in an effort to more clearly reflect that the sentences the court had pronounced on July 3, 1997, totaled 27$\frac{1}{2}$ to 55 years of imprisonment. The Department of Corrections and Community Supervision (as it had been renamed earlier in 2011 [see L 2011, ch 62]) (hereinafter DOCCS) recalculated the petitioner's aggregate sentence accordingly.

The petitioner commenced this proceeding pursuant to CPLR article 78 against the Clerk of the Supreme Court, Kings County, and the DOCCS, in the nature of mandamus to compel the Clerk of the Supreme Court to vacate the amended sentence and commitment order and to generate a new sentence and commitment order consistent with his interpretation of the sentence originally pronounced by the Supreme Court, which he contends was an aggregate of 17$\frac{1}{2}$ to 35 years of imprisonment. The Supreme Court, in effect, denied the petition and dismissed the proceeding.

The pronouncement of sentence is a judicial function exclusively, and the court must pronounce the sentence in the defendant's presence (see People v Sparber, 10 NY3d 457, 469-470 [2008]). That is what happened on July 3, 1997, when the Supreme Court imposed an aggregate sentence of 27$\frac{1}{2}$ to 55 years.

The DOCCS is conclusively bound by the terms of the sentence and commitment order (see Matter of McCullaugh v DeSimone, 111 AD3d 1011, 1011 [2013]). To the extent that the Department of Correctional Services misinterpreted the original

sentence and commitment order in calculating the petitioner's terms of imprisonment, it was under a continuing nondiscretionary, ministerial duty to correct its error to ensure that the terms are accurately calculated (*see Matter of Murray v Goord*, 1 NY3d 29, 32 [2003]; *Matter of Larew v Fischer*, 79 AD3d 1558, 1559 [2010]; *Matter of Colon v Fischer*, 74 AD3d 1670, 1671 [2010]; *Matter of Patterson v Goord*, 299 AD2d 769, 770 [2002]). To the extent that the original sentence and commitment order may have been open to misinterpretation, the Clerk of the Supreme Court properly issued the amended sentence and commitment order to more clearly reflect the sentence pronounced by the court (*see People v Sparber*, 10 NY3d at 457; *see generally Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]; *Earley v Murray*, 462 F3d 147, 149 [2d Cir 2006]). Finally, a challenge to the legality of the sentence itself—namely, the provision directing that the sentences imposed on the two convictions of attempted murder in the second degree run consecutively to each other and to the sentence imposed on one of the convictions of assault in the first degree—is not properly before us in a proceeding pursuant to CPLR article 78. That challenge must be brought, if at all, in a motion to set aside the sentence pursuant to CPL 440.20 (*see Matter of Caroselli v Goord*, 269 AD2d 706, 706-707 [2000]; *Matter of Tunstall v Ward*, 253 AD2d 910, 910 [1998]).

Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.