■ In the Matter of WILBERTO GONZALEZ, Respondent, v ANTHONY J. ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, et al., Appellants. [26 NYS3d 151]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the New York State Department of Cor-

rections and Community Supervision to execute the petitioner's sentence as a sentence of parole supervision pursuant to CPL 410.91, Anthony J. Annucci, Acting Commissioner, and the New York State Department of Corrections and Community Supervision appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), dated October 2, 2014, which, in effect, granted the petition and directed that the petitioner be placed at the Willard Drug Treatment Campus in accordance with CPL 410.91.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced, as a second felony drug offender, to a determinate term of imprisonment of five years. The sentencing court indicated that it would make a recommendation to the Department of Corrections and Community Supervision (hereinafter DOCCS) that the petitioner be enrolled in any drug treatment program for which he qualified. Although the petitioner's sentence was pronounced by the sentencing court to be a five-year term of imprisonment, the initial sentence and commitment order (hereinafter SCO) directed that the petitioner's sentence be executed as a sentence of parole supervision pursuant to CPL 410.91. In accordance with that directive, the petitioner was initially placed at the Willard Drug Treatment Campus (hereinafter Willard), but was later transferred by DOCCS to a correctional facility, based upon its interpretation of the SCO as merely recommending placement at Willard. The sentencing court then authorized the issuance of an amended SCO, which deleted the directive that the petitioner's sentence be executed as a sentence of parole supervision pursuant to CPL 410.91.

The petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel DOCCS to execute his sentence as a sentence of parole supervision pursuant to CPL 410.91. The Supreme Court granted the petition, and directed that the petitioner be returned to Willard. DOCCS and its Acting Commissioner appeal.

"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought" (*Matter of Frazier v Wassel*, 133 AD3d 657, 657-658 [2015]; *see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *Matter of Suffolk County Assn. of Mun. Empls., Inc. v Levy*, 133 AD3d 676 [2015]). Here, the Supreme Court erred

in concluding that the petitioner had a clear legal right to have DOCCS compelled to execute his sentence as a sentence of parole supervision pursuant to CPL 410.91.

"[P]rison officials are conclusively bound by the contents of commitment papers accompanying a prisoner" and, thus, must generally comply with "the plain terms of the last commitment order received" (*Matter of Murray v Goord*, 1 NY3d 29, 32 [2003] [emphasis omitted]; *see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 362 [2008]; *Matter of Flournoy v Supreme Ct. Clerk*, 122 AD3d 734, 735 [2014]). At the time the petitioner sought to compel DOCCS to execute his sentence as one of parole supervision, DOCCS was bound by the amended SCO, which was "properly issued . . . to more clearly reflect the sentence pronounced by the court" (*Matter of Flournoy v Supreme Ct. Clerk*, 122 AD3d at 736). Since the amended SCO eliminated the directive that the petitioner's sentence be executed as a sentence of parole supervision, DOCCS was not authorized to so execute the sentence. This is the case even though the amended SCO contained the sentencing court's "recommend[ation]" of "Willard" if the defendant "qualifies," since DOCCS was not authorized to make the sentencing determination to execute the petitioner's sentence as a sentence of parole supervision pursuant to CPL 410.91. "[S]entencing is a judicial function and, as such, lies beyond [DOCCS's] limited jurisdiction over inmates and correctional institutions" (*Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d at 362).

Accordingly, the petition should have been denied and the proceeding dismissed, on the merits. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.