Matter of Munoz v Annucci (2021 NY Slip Op 03885)





Matter of Munoz v Annucci


2021 NY Slip Op 03885


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

530418
[*1]In the Matter of Domingo Munoz, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Lisa Napoli, New York City, for appellant.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Nichols, J.), entered November 6, 2019 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion to dismiss the petition/complaint.
In 1981, petitioner was convicted of attempted rape in the first degree and sentenced to 4 to 8 years in prison. In 1982, petitioner was convicted of attempted assault in the second degree and a prison term of 1½ to 3 years was imposed (People v Munoz, 125 AD2d 715 [1986]) and, in 1989 and again in 1991, he was convicted of additional nonsex-related felonies and sentences were imposed, and he was released on parole several times (People v Rodriguez, 176 AD2d 1253 [1991], lvs denied 79 NY2d 830, 831 [1991]). In 1993, petitioner was convicted of attempted robbery in the first degree and sentenced to eight years to life in prison (People v Munoz, 206 AD2d 491 [1994]). In May 2015, petitioner appeared before the Board of Parole and was granted parole with an open release date in June 2015. He remained in custody and, based upon the 1981 attempted rape conviction, he was adjudicated a risk level three sex offender under the Sex Offender Registration Act enacted in 1995 (see Correction Law art 6-C; People v Munoz, 155 AD3d 1068 [2017], lv denied 30 NY3d 912 [2018]). The Department of Corrections and Community Supervision (hereinafter DOCCS) concluded that petitioner was subject to the Sex Assault Reform Act (see L 2000, ch 1, as amended by L 2005, ch 544 [hereinafter SARA]) and was required to obtain SARA-compliant housing, and the Board issued an amended parole decision requiring that he obtain SARA-compliant housing, effectively restricting him from entering upon school grounds or living within 1,000 feet of them (see Executive Law § 259-c [14]; Penal Law § 220.00 [14] [b]; People ex rel. Negron v Superintendent, Woodbourne Corr. Facility, 36 NY3d 32, 34-35 [2020]; People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 197 [2020]; People v Diack, 24 NY3d 674, 681-682 [2015]). Unable to find SARA-compliant housing,[FN1] petitioner remained in DOCCS' custody and, in January 2017, his parole was rescinded after he was found guilty of violating inmate disciplinary rules.
In May 2017, petitioner again appeared before the Board and was granted parole subject to, among other conditions, finding SARA-compliant housing, but remained incarcerated due to his inability to find such housing. In August 2018, counsel for petitioner submitted a letter to respondent contending that, although he was designated a risk level three sex offender, he was not subject to SARA in that he had fully served the 1981 sentence for attempted rape — which, he argued, had expired in 1990 — his only sex offense and, thus, he was not then serving a sentence for an enumerated sex offense within the meaning of Executive Law § 259-c (14) and was not subject to SARA solely as a risk level three sex offender[*2]. Counsel argued that DOCCS could not legally keep petitioner in custody based upon the lack of SARA-compliant housing, and requested that respondent reassess petitioner's proposed addresses without the SARA restrictions and release him from custody. Respondent rejected this request by letter dated September 26, 2018, finding that the SARA conditions, including SARA-compliant housing, applied to petitioner as a level three sex offender. Petitioner again appeared before the Board and, by "amended" or "corrected" decision dated October 15, 2018, the Board continued his open date for parole with the same conditions, including the SARA conditions.
In January 2019, while still in custody, petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging respondent's determination that SARA applied to his parole release based upon his risk level three sex offender classification. Petitioner contended, among other things, that the SARA school grounds restriction did not apply to him as he was no longer serving a sentence for an enumerated offense (see Executive Law § 259-c [14]). Petitioner further sought a declaratory judgment that respondent had been misconstruing Executive Law § 259-c (14) as applicable to all risk level three sex offenders. Alternately, petitioner sought declarations that respondent's application of SARA to his 1981 sentence, which was imposed prior to SARA's effective date, violated the prohibition against ex post facto punishment and his substantive due process rights. He further contended that respondent had inconsistently interpreted the SARA requirement, and that it was void for vagueness.
In February 2019, while this proceeding/action was pending, this Court held, in an unrelated case, that the school grounds parole condition in Executive Law § 259-c (14) is applicable to and mandatory only for risk level three sex offenders who are serving a sentence for an offense enumerated in that statute, and does not apply to all parolees solely based upon their designation as risk level three sex offenders, a decision later affirmed by the Court of Appeals (People ex rel. Negron v Superintendent, Woodbourne Corr. Facility, 170 AD3d 12 [2019], affd 36 NY3d 32 [2020]; see People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d at 196; Matter of Cajigas v Stanford, 169 AD3d 1168, 1169 [2019], appeal dismissed 34 NY3d 955 [2019]). In April 2019, respondent made a pre-answer motion to dismiss the petition/complaint as untimely,[FN2] which petitioner opposed, arguing that People ex rel. Negron v Superintendent, Woodbourne Corr. Facility (supra) was dispositive of his statutory claims. While that motion was pending, petitioner was released from custody. [FN3] Supreme Court thereafter granted the motion to dismiss, finding, as respondent had argued, that the petition/complaint was untimely under CPLR 217 in that it was not commenced within four months of the Board's [*3]May 2017 parole determination. The court did not address petitioner's requests for declaratory relief.[FN4] Petitioner appeals.
Supreme Court erred in granting respondent's motion to dismiss the petition/complaint as untimely on the rationale that it was not commenced within four months of the Board's May 2017 determination granting parole. Initially, it bears emphasis that the petition/complaint named as respondent only the Acting Commissioner of Corrections and Community Supervision, and constitutes a challenge to respondent's interpretation and implementation of Executive Law § 259-c (14) as erroneous, inconsistent and unconstitutional. Petitioner points to DOCCS Directive No. 8305, which adopts the policy that specified DOCCS employees will determine whether a particular case should be identified to the Board for imposition of the mandatory SARA parole conditions.[FN5] The petition/complaint seeks relief pursuant to CPLR article 78 in the nature of mandamus to compel respondent to correctly interpret and apply SARA and comply with the Board's grant of parole to him, and a writ of prohibition against applying the SARA school grounds condition to him (see CPLR 7803). Notably, petitioner is not seeking review of the Board's parole determination or inclusion of the SARA condition in its determination, and he did not name the Board as a respondent (see CPLR 7802 [a]; compare Matter of Newman v Stanford, 186 AD3d 1859, 1860 [2020]). Accordingly, it was error for respondent in moving to dismiss, and the court in granting the motion, to treat the petition/complaint as seeking review of the Board's May 2017 determination granting parole subject to SARA conditions. It was also incorrect to overlook the declaratory judgment requests in the petition/complaint.
A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner . . ., or after the respondent's refusal, upon the demand of the petitioner . . ., to perform its duty" (CPLR 217 [1]). An administrative determination is considered final and binding when an agency has "reached a definitive position on the issue that inflicts actual, concrete injury" and administrative remedies have been exhausted (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]). Petitioner's CPLR article 78 challenge is directed at respondent's September 26, 2018 letter responding to petitioner's demand, concluding that the SARA conditions, including SARA-compliant housing, apply to petitioner as a level three sex offender. To the extent that the petition seeks relief in the nature of mandamus to compel respondent to comply with the correct interpretation of Executive Law § 259-c, reassess his proposed housing without a SARA condition and abide the Board's orders granting him parole, "the four-month statute of limitations did not begin to run until . . . petitioner demanded [*4]that [respondent] act and [respondent] refused" (Matter of Selective Ins. Co. of Am. v State of N.Y. Workers' Compensation Bd., 102 AD3d 72, 76 [2012] [internal quotation marks, brackets and citation omitted]; see Matter of Waterside Assoc. v New York State Dept. of Envtl. Conservation, 72 NY2d 1009, 1010 [1988]; Matter of Gopaul v New York City Employees' Retirement Sys., 122 AD3d 848, 849 [2014]; Matter of Speis v Penfield Cent. Schs., 114 AD3d 1181, 1182 [2014]; see also Vincent C. Alexander, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C217:2 at 310; C217:6 at 324 [2019).[FN6] "Generally, the four-month statute of limitations begins to run when the party receives oral or written notice of the adverse determination" (Matter of Park Beach Assisted Living, LLC v Zucker, 189 AD3d 1756, 1758 [2020] [citation omitted]). Although it was respondent's burden to establish that notice was provided to petitioner's counsel so as to trigger the four-month period (see id.; see also Matter of Bianca v Frank, 43 NY2d 168, 173 [1977]), respondent, focusing in the motion to dismiss on the Board's determination, did not establish how or when the letter was conveyed or mailed and received, or when counsel had notice thereof. Nonetheless, as respondent's refusal letter was dated September 26, 2018 — however that decision was communicated — and petitioner commenced this proceeding within four months, on January 25, 2019, when the petition/complaint was filed (see CPLR 304 [a]), respondent has not satisfied his prima facie burden of establishing that the proceeding was not timely commenced (see CPLR 217 [1]; 3211 [a] [5]; General Construction Law § 30; Matter of Park Beach Assisted Living, LLC v Zucker, 189 AD3d at 1758; Matter of Noel v New York City Hous. Auth.—Brownsville, 98 AD3d 981, 982 [2012]; cf. U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791-792 [2021]).[FN7]
"A CPLR article 78 proceeding seeking a writ of prohibition 'must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner'" (Matter of Pinney v Van Houten, 168 AD3d 1293, 1294 [2019], quoting CPLR 217 [1], appeal dismissed and lv denied 33 NY3d 998 [2019]; see Matter of Smith v Brown, 24 NY3d 981, 983 [2014]). We likewise find that petitioner timely commenced this proceeding within four months of respondent's letter determination of September 26, 2018.[FN8]
Notably, on appeal, respondent appears to abandon its successful motion to dismiss on timeliness grounds and, instead, argues for the first time that the petition/complaint should be dismissed for failure to state a cause of action (see CPLR 3211 [a] [7]). Contrary to respondent's contention, this argument was not asserted in the motion to dismiss, which was solely premised on timeliness grounds. Respondent, urging this Court to address this issue on appeal, is correct that "a party may present any legal argument that may be resolved on the record, regardless of whether it has [*5]been argued previously, if the matter is one which could not have been countered by the other party had it been raised in the trial court" (County of Saratoga v Delaware Eng'g, D.P.C., 189 AD3d 1926, 1929 n 2 [2020] [internal quotation marks, brackets and citation omitted]; cf. Sega v State of New York, 60 NY2d 183, 190 n 2 [1983]).
On a motion to dismiss for failure to state a claim pursuant to CPLR 3211 (a) (7) or CPLR 7804 (f), the Court must "accept the facts as alleged in the [petition] as true, accord [petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87—88 [1994]; see Matter of 54 Marion Ave., LLC v City of Saratoga Springs, 162 AD3d 1341, 1342 [2018]). A motion pursuant to CPLR 7804 (f) raising objections in point of law "proscribes dismissal on the merits following such a motion" (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; accord Matter of Laughlin v Pierce, 121 AD3d 1249, 1251-1252 [2014]; see Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 350 [1987], affirmed 72 NY2d 900 [1988]).[FN9] Respondent's argument in support of dismissal for failure to state a claim addresses the ultimate merits of the dispute as to whether petitioner is still serving the indeterminate sentence imposed in 1981 for attempted rape, arguing that the subsequent imposition of a series of indeterminate sentences caused the 1981 sentence to merge into those subsequent sentences and never be discharged (see Penal Law 70.30 [1]). Petitioner alleges that the 1981 sentence was discharged in that he reached the maximum expiration date for the 1981 sentence in January 1990. Although respondent contends that this presents a question of law, the argument rests upon assertions made for the first time in his appellate brief and no affidavit or conclusive proof was submitted calculating petitioner's various prison sentences. Further, respondent improperly challenges the conclusions to be drawn from the exhibits submitted by petitioner with his pleading. Petitioner did not have an opportunity to respond to this argument for dismissal in Supreme Court, and we cannot conclude that it could not have been countered had it been raised. As the petition/complaint raises myriad issues regarding petitioner's 1981 sex-crime sentence, as well as constitutional challenges, we decline to address or resolve respondent's arguments addressing the merits of the petition/complaint and the unpreserved challenge that it fails to state a claim.[FN10]
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, motion denied, and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of this Court's decision.



Footnotes

Footnote 1: The Court of Appeals has addressed constitutional challenges to the temporary confinement of risk level three sex offenders under SARA, the difficulty of finding SARA-compliant housing and DOCCS' obligation to assist in locating compliant housing (see Matter of Gonzalez v Annucci, 32 NY3d 461, 471-474 [2018]).

Footnote 2: Respondent's motion to dismiss was solely premised upon the argument that the petition/complaint had been untimely in that it was not filed within four months of the Board's May 2017 determination. The motion did not address the request for relief in the nature of mandamus to compel and prohibition and for declaratory relief, or the September letter.

Footnote 3: In opposing the motion and on appeal, petitioner urges this Court to convert the action/proceeding to a CPLR article 70 proceeding for a writ of habeas corpus (see CPLR 103 [c]). Given that petitioner was released on parole, habeas corpus relief is no longer available, and we decline this request (see People ex rel. Negron v Superintendent, Woodbourne Corr. Facility, 170 AD3d at 14). Petitioner's contention that Supreme Court erred in declining his request to convert this proceeding/action to one for habeas corpus relief is academic.

Footnote 4: Although Supreme Court's decision is not entirely clear in that it only expressly dismisses "the petition" and declines to address "the merits of the petition" but fails to address the complaint, we find that the court effectively dismissed the entire pleading.

Footnote 5: No affidavits were offered from respondent or DOCCS employees involved in the process of designating which inmates are subject to SARA upon parole release.

Footnote 6: Petitioner's August 2018 request for respondent to reassess his proposed addresses without the SARA housing restriction, and to properly interpret and apply SARA, was the first such request and demand directed to respondent. Thus, we do not view that request as one for reconsideration of a determination, which would not toll or extend the statute of limitations (see Kahn v New York City Dept. of Educ., 18 NY3d 457, 472 [2012]).

Footnote 7: To the extent that the petition/complaint refers to and may be read as challenging the conditions attached to the May 2017 parole determination, we agree that it was untimely (see CPLR 217 [1]; Matter of Newman v Stanford, 186 AD3d at 1860).

Footnote 8: With regard to petitioner's request for declaratory relief (see CPLR 3001), such claims are generally subject to a six-year statute of limitations unless a shorter period applies (see CPLR 213 [1]; Solnick v Whalen, 49 NY2d 224, 229-231 [1980]; see also Vincent C. Alexander, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C217:5 at 321). Given the multiple claims for declaratory relief, on respondent's motion to dismiss for untimeliness, the court should have examined all claims for declaratory relief to determine whether any qualifies for the six-year period or whether any could have been brought pursuant to CPLR article 78, to which the four-month period applies (see Solnick v Whalen, 49 NY2d at 229-230). To determine whether the declaratory relief could have been pursued in a CPLR article 78 proceeding, Supreme Court was required to "examine the substance of [the] action to identify the relationship out of which the claim arises and the relief sought" (Solnick v Whalen, 49 NY2d at 229; see Gress v Brown, 20 NY3d 957, 959 [2012]; New York Ins. Assn., Inc. v State of New York, 145 AD3d 80, 87 [2016], lv denied 29 NY3d 910 [2017]). Neither the court nor respondent undertook this analysis. As we find that the petition/complaint was timely filed within the four-month statute of limitations, we need not resolve this issue.

Footnote 9: There is an exception permitting a resolution on the merits where "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d at 102). We decline to treat respondent's' motion as one for summary judgment, instead opting to await joinder of issue (see id. at 103; CPLR 3211 [c]; 3212 [a]; 7804 [f]).

Footnote 10: We note that the affirmative defense of failure to state a claim, an objection in point of law (see CPLR 7804 [f]), was not waived by respondent's motion to dismiss and may be raised in his answer (see CPLR 3211 [e]; 7804 [f]).