Matter of Hunt v Annucci (2022 NY Slip Op 00100)





Matter of Hunt v Annucci


2022 NY Slip Op 00100


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532947
[*1]In the Matter of Brian Lee Hunt, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Brian Lee Hunt, Alden, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered December 11, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's sentence.
Petitioner is serving an extended period of incarceration following his 1990 conviction of two counts of murder in the second degree, two counts of burglary in the first degree and one count of criminal possession of a weapon in the fourth degree. Based upon the sentence and commitment order, the Department of Corrections and Community Supervision (hereinafter DOCCS) calculated petitioner's sentence and set his parole eligibility date as May 25, 2029. Petitioner, believing that there were certain errors regarding the legality of the sentence imposed and the correctness of the sentence and commitment order, filed a grievance requesting that DOCCS comply with Correction Law § 601-a and report such errors to, among others, the sentencing court for correction so that DOCCS could then accurately calculate his sentence — which, according to petitioner, would result in a parole eligibility date of January 25, 2021 — and cease various constitutional violations resulting from the inaccurate sentence calculation. The grievance was denied by the Inmate Grievance Resolution Committee and, upon administrative appeal, the denial was upheld by the Central Office Review Committee. Petitioner then commenced this CPLR article 78 proceeding, in the nature of mandamus, to compel DOCCS to perform its obligation pursuant to Correction Law § 601-a to report the alleged erroneous sentence to the sentencing court for correction. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. "The writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Johnson v Fischer, 104 AD3d 1004, 1004-1005 [2013] [internal quotation marks and citations omitted]). Whether notification pursuant to Correction Law § 601-a is necessary depends upon DOCCS's discretionary, initial determination as to whether the facts presented demonstrate that an erroneous sentence was imposed (see id. at 1005). As such, mandamus to compel DOCCS to communicate with the sentencing court does not lie (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; Matter of Johnson v Fischer, 104 AD3d at 1005).
To the extent that petitioner asserts that adherence to the sentence and commitment order in calculating his sentence violates his constitutional rights against double jeopardy and cruel and unusual treatment, we note that DOCCS is conclusively bound by the contents of the commitment papers that accompanied petitioner (see Matter of Murray v Goord, 1 NY3d 29, 32 [2003]; People ex rel. Nolley v Annucci, 145 AD3d [*2]1518, 1519 [2016], lv denied 29 NY3d 904 [2017]). Moreover, a CPLR article 78 proceeding is not the vehicle to challenge the legality of a sentence; rather, such challenge must be pursued on direct appeal or in the context of a motion pursuant to CPL article 440 (see Matter of Flournoy v Supreme Ct. Clerk, 122 AD3d 734, 736 [2014], lv denied 24 NY3d 917 [2015]; Matter of Caroselli v Goord, 269 AD2d 706, 706-707 [2000], lv denied 95 NY2d 754 [2000]).
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.