Matter of Brennan v Power Auth. of the State of N.Y. (2023 NY Slip Op 01345)

Matter of Brennan v Power Auth. of the State of N.Y.

2023 NY Slip Op 01345

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

536023 
[*1]In the Matter of William H. Brennan, Appellant,
v
Power Authority of the State of New York, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P, Clark, Pritzker, Ceresia and Fisher, JJ. 

Aaron Mark Zimmerman, Esq., PC, Syracuse (Aaron Mark Zimmerman of counsel), and Bousquet Holstein, PLLC, Syracuse (Gary J. Lavine of counsel), for appellant.
Holland & Knight LLP, New York City (Katherine A. Skeele of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (James H. Ferreira, J.), entered August 15, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to revise its preference hydropower rates.
Respondent generates hydropower using the Niagara and St. Lawrence Rivers, and is legally mandated to sell a portion of the hydropower, known as "preference hydropower," at cost to certain wholesale customers. These customers, which include municipalities and cooperatives, then resell the hydropower to retail consumers. Petitioner purchases preference hydropower through one of respondent's wholesale customers, the Village of Skaneateles in Onondaga County. Petitioner commenced the instant CPLR article 78 proceeding in the nature of mandamus to compel respondent to immediately revise the preference hydropower rate. Respondent opposed, and Supreme Court dismissed the petition. Petitioner now appeals, and we affirm.
"The writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Hunt v Annucci, 201 AD3d 1112, 1113 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 907 [2022]; see Matter of Cafferty v Mihalko, 182 AD3d 848, 850 [3d Dept 2020]). As relevant here, the Public Authorities Law requires respondent to sell preference hydropower under conditions that will allow retail consumers to purchase it at the "lowest possible price" (Public Authorities Law § 1005 [5]), and contemplates "[p]eriodic revisions of the service and rates to consumers . . . in furtherance and effectuation of th[is] policy" (Public Authorities Law § 1005 [5] [f]).
Petitioner contends that respondent has failed to perform the requisite periodic revisions of the preference hydropower rate insofar as it has not done so since 2011. However, the statute contains no definition of the term "[p]eriodic revisions," and as Supreme Court aptly observed, "there is nothing in the statute that requires that rates be revised pursuant to a specific timetable, within a certain period of time, upon the occurrence of any event or under any specific circumstances." To the extent that petitioner argues that rate-setting proceedings were most recently conducted in 2003, 2007 and 2011 — a historical pattern of four-year intervals to which respondent should have continued to adhere — we note that the record contains affidavits from current and former vice presidents of respondent, both of whom aver that rate-making has occurred a total of five times since 1986. As such, it is apparent that respondent has not been setting new rates every four years since that time, thereby undermining petitioner's argument concerning an alleged controlling pattern. Recognizing that "most of the directives in Public Authorities Law § 1005 (5) are discretionary" (Matter of County [*2]of Westchester v Power Auth. of State of N.Y., 188 AD2d 432, 432 [1st Dept 1992], lv denied 82 NY2d 658 [1993]), we find that this directive is no exception. Accordingly, the petition was properly dismissed (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; Matter of Green v Annucci, 153 AD3d 1099, 1100 [3d Dept 2017], lv denied 31 NY3d 903 [2018]; Matter of Swinton v Travis, 16 AD3d 851, 853 [3d Dept 2005]).
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.