Bass v Goodman (2024 NY Slip Op 24092)

[*1]

Bass v Goodman

2024 NY Slip Op 24092

Decided on March 26, 2024

Supreme Court, Albany County

Gandin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 26, 2024
Supreme Court, Albany County

Johann Alexander Bass, Plaintiff,

against
Superintendent Goodman, Defendant.

Index No. 9233-23

Petitioner: Pro Se
Respondent: New York State Office of the Attorney General (Anthony Huntley, Esq.)

David M. Gandin, J.

The following papers were read and considered on this CPLR Article 78 proceeding:
1. Order to Show Cause;
2. Verified Petition with Exhibits 1-5;
3. Memorandum in Support of Verified Petition;
4. Verified Answer;
5. Kirstin C. Ross Affidavit with Exhibits A-B;
6. Reply Affidavit.
Petitioner, an incarcerated individual at Greene Correctional Facility, commenced this CPLR Article 78 proceeding seeking mandamus relief. He alleges respondent wrongfully refused to process his request pursuant to the Interstate Agreement on Detainers ("IAD") (see CPL 580.20) for extradition to Lake County Indiana to stand trial on a pending criminal charge. Respondent's pre-answer motion to dismiss for failure to state a claim was denied on January 22, 2024.
"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought." Matter of Gonzalez v. Annucci, 136 AD3d 909, 910 (2d Dept 2016). "[T]he act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental." Matter of Johnson v. Fischer, 104 AD3d 1004, 1005 (3d Dept 2013). "The availability of the remedy depends not on the [petitioner's] substantive entitlement to prevail, but on the nature of the duty sought to be commanded —i.e., mandatory, nondiscretionary action." Matter of Brusco v. Braun, 84 NY2d 674, 679 (1994).
The IAD is an interstate compact "designed to standardize interstate rendition procedures in order to protect [an] inmate's right to speedy trial and reduce any uncertainties which might obstruct programs of prisoner treatment and rehabilitation." People ex rel. Capalongo v. Howard, 87 AD2d 242, 243 (3d Dept 1982). "[I]ts purpose is to encourage the expeditious disposition of [*2]such charges and to provide cooperative procedures among member States to facilitate such disposition." U. S. v. Mauro, 436 US 340, 351 (1978). The agreement "shall be liberally construed so as to effectuate its purposes." CPL § 580.20, art. IX, subd. [1]. To this end, "[a]ll courts, departments, agencies, officers and employees of this state and its political subdivisions are hereby directed to enforce the agreement on detainers and to cooperate with one another and with other party states in enforcing the agreement and effectuating its purposes." CPL § 580.20, art. IX, subd. [3].
Article III of the IAD permits a person serving a term of imprisonment in a party state to make a written request for "a final disposition to be made of [an] indictment, information or complaint" pending in any other party state "on the basis of which a detainer has been lodged against the prisoner..." CPL § 580.20, art. III, subd. [a]. To commence the rendition process the incarcerated individual must deliver the written request to "the warden, commissioner of correction or other official having custody of him," whereupon that officer "shall promptly forward it...to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." CPL § 580.20, art. III, subd. [b]. "The warden, commissioner of correction or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner." CPL § 580.20, art. III, subd. [d].
The record before the Court demonstrates that petitioner stands accused of one count of intimidation and one count of criminal mischief in the State of Indiana. On or about September 15, 2021, the Lake County Superior Court issued a warrant for petitioner's arrest. Upon learning of the warrant petitioner, who was incarcerated at the time in New York, wrote the Indiana court a letter citing the IAD and requesting a final disposition on the charges. In a March 7, 2022 order, a magistrate in Indiana issued an order denying petitioner's request to be extradited from New York but directing the Lake County Sheriff to "show that the warrant issued in this case is to serve as a detainer and the warrant...placed in the NCIC/IDACS system." Petitioner subsequently moved to dismiss the Lake County charge for failure to comply with the IAD. The Indiana court denied the motion stating that to be deemed a valid "request for disposition" under the IAD petitioner had to first submit his request to the official having custody over him. Petitioner asserts that he forwarded the superior court's order to respondent along with a request to initiate rendition proceedings. In a memorandum addressed to petitioner dated July 26, 2023, respondent's staff acknowledged petitioner's request and the existence of the Indiana charges but indicated that it could not honor the request because petitioner had "no warrants or detainers lodged." Respondent further asserted that she could not process petitioner's transfer request without a physical copy of the Indiana warrant.
Respondent contends that mandamus does not lie because a detainer within the meaning of the IAD has not been lodged against petitioner. She maintains that because the lodging of a detainer is a prerequisite to initiating a rendition request there is no obligation to transmit petitioner's request for a final disposition to Lake County. Respondent also asserts that on November 16, 2021 the superior court issued an order indicating that it would only extradite petitioner if the request originated within a 250 mile radius. In support respondent submits a copy of the superior court's order as well as an NCIC printout which contains inter alia petitioner's [*3]pedigree information, details concerning the pending Lake County charges and the court's bail recommendation. Respondent maintains that the foregoing evinces the state of Indiana's intention to not extradite petitioner because he is incarcerated more than 250 miles away.
Respondent's position that a detainer has not been lodged against petitioner is one of form over substance. While not specifically defined within the IAD, the United States Supreme Court has interpreted "detainer" as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated asking either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." Reed v. Farley, 512 U.S. 339, 342 (1994). "Rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." U. S. v Mauro, 436 U.S. 340, 358 (1978). The NCIC entry which respondent annexes in opposition to the petitioner plainly serves this purpose. The March 7, 2022 order of the superior court directing the Lake County Sheriff to enter petitioner's arrest warrant as a detainer further evidences Indiana's intent to comply with the IAD. To the extent respondent declined to initiate petitioner's rendition request because it did not have a physical copy of the warrant, the IAD contains no such prerequisite. Respondent's position also runs contrary to the legislative intent behind the IAD which is to encourage an expeditious disposition of an incarcerated individual's pending charges by fostering cooperation between prosecutorial agencies. See CPL § 580.20, art. I; Mauro, supra, at 351.
Respondent's contention that it is not required to transmit petitioner's rendition request to Lake County based upon the superior court's November 16, 2021 order restricting extradition within 250 miles is also misplaced. Contrary to respondent's characterization thereof, the order does not stand for the proposition that "Lake County, Indiana is not required to extradite petitioner." Rather, the superior court indicated that "the Court will only extradite if the request originates from within a [250 mile] radius or if it is a sheriff's trip" (emphasis added). Moreover, the relevant court and prosecuting agency's extradition policies have no bearing on respondent's duty to perform her obligations under the IAD. Pursuant to the agreement, the officer having custody over a prisoner, upon receiving a written request for final disposition "shall promptly forward it... to the appropriate prosecuting official and court..." CPL § 580.20, art. III, subd. [b]. "If the appropriate authority shall refuse or fail to accept temporary custody of said person...the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." CPL § 580.20, art. V, subd. [c]. Accordingly, the IAD provides the receiving agency, upon receiving a request for rendition, with the option of refusing to effect the transfer at the peril of dismissal of their criminal charges. However, the agreement does not provide similar discretion to the sending agency to refuse to transmit a duly initiated request for a final disposition.
Having found that the IAD governs petitioner's rendition request, the Court further holds that petitioner has demonstrated his entitlement to mandamus relief. The language of the IAD makes plain that respondent's duty to transmit petitioner's rendition request to the appropriate prosecuting agencies in Indiana is ministerial in nature and does not involve the exercise of discretion. Based on the totality of the record before the Court, petitioner has established a clear [*4]legal right to the relief he now seeks. Wherefore, it is
ORDERED that the petition is granted. Respondent is directed to comply with any duties enjoined upon her pursuant to the Interstate Agreement on Detainers including but not limited to forwarding petitioner's request for a final disposition along with any other required supporting documentation to the appropriate prosecuting official and court in Lake County, Indiana.
The foregoing constitutes the decision, order and judgment of the Court. The signing of this decision and order shall not constitute entry or filing under CPLR §2220. Counsel is not relieved from the applicable provisions of that rule regarding notice of entry.
Dated: March 26, 2024
Kingston, New York
ENTER:
HON. DAVID M. GANDIN, JSC
Pursuant to CPLR §5513, an appeal as of right must be taken within thirty (30) days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty (30) days thereof.