Matter of Clarke v Azar (2024 NY Slip Op 06634)

Matter of Clarke v Azar

2024 NY Slip Op 06634

Decided on December 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 26, 2024

CV-23-1014
[*1]In the Matter of Nigel Clarke, Appellant,
v
Alex Azar II, as Secretary of Health and Human Services, et al., Respondents, and Kathy C. Hochul, as Governor of the State of New York, et al., Respondents.

Calendar Date:November 20, 2024

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Nigel Clarke, Ossining, appellant pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for Governor of the State of New York and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), entered April 26, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted certain respondents' motion to dismiss the petition.
Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to compel various federal and state officials, including respondents Governor of the State of New York and Commissioner of Health (hereinafter collectively referred to as respondents), to enact public health laws to protect the public. Specifically, petitioner requests that respondents "perform their constitutional duties and enact [p]ublic health laws to prevent, protect and promote mental health intervention" that "would provide [d]ue process and equal protection to [petitioner] and the ['African American' communities]." Respondents moved pre-answer to dismiss the petition for failure to state a cause of action. Supreme Court granted respondents' motion and dismissed the petition, prompting this appeal by petitioner.
We affirm. Petitioner contends that Supreme Court erred in dismissing his petition. "On a motion to dismiss for failure to state a claim pursuant to CPLR 3211 (a) (7) or CPLR 7804 (f), the Court must accept the facts as alleged in the petition as true, accord petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Matter of Munoz v Annucci, 195 AD3d 1257, 1263 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Ferran v City of Albany, 116 AD3d 1194, 1195 [3d Dept 2014]). "The writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Hunt v Annucci, 201 AD3d 1112, 1113 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 907 [2022]; accord Matter of Brennan v Power Auth. of the State of N.Y., 214 AD3d 1199, 1199 [3d Dept 2023], lv denied 40 NY3d 902 [2023]).
As relevant here, "[a]rticle III of the State Constitution vests the Senate and the Assembly with the legislative power of the State, while article IV vests the executive power in the Governor" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 821 [2003], cert denied 540 US 1017 [2003]; see NY Const, art III, § 1; art IV, § 1). "The constitutional principle of separation of powers, implied by the separate grants of power to each of the coordinate branches of government, requires that the Legislature make the critical policy decisions, while the executive branch's responsibility is to implement those policies" (Bourquin v Cuomo, 85 NY2d 781, 784 [1995] [internal quotation marks and citations omitted]). Moreover, "the Legislature cannot pass on its law-making functions to other bodies" (Delgado v State of New York, 39 NY3d 242, 251 [2022] [internal quotation marks and citation [*2]omitted]). Accordingly, the Governor is constitutionally prohibited from enacting laws.
As relevant to the Commissioner of Health, petitioner references various statutory authorities and the NY Constitution, specifically citing to NY Const, art XVII, § 3. However, this provision is explicitly discretionary and accords to the Legislature discretion to promote the State's interest "in such manner and, by such means as the [L]egislature may from time to time determine" (NY Const, art XVII, § 3; see Hope v Perales, 83 NY2d 563, 578 [1994]). The other statutes relied upon by petitioner are likewise discretionary in nature. While Public Health Law § 206 (d) authorizes the Commissioner of Health to investigate the causes of disease and Mental Hygiene Law § 7.01 authorizes the Office of Mental Health to seek early detection of mental illness and develop a comprehensive system to deliver services to the mentally ill, there are no specific directives as to how these tasks are to be accomplished and, as a result, these are not ministerial, but purely discretionary acts (see Matter of Savastano v Prevost, 66 NY2d 47, 50 [1985]; Lewis v State of New York, 68 AD3d 1513, 1515 [3d Dept 2009]). Accordingly, due to the inherently discretionary nature of these statutes, the mandamus relief sought by petitioner is unavailable (see Matter of Hussain v Lynch, 215 AD3d 121, 126 [3d Dept 2023]; Matter of Brennan v Power Auth. of the State of N.Y., 214 AD3d at 1200; Matter of Hassig v New York State Dept. of Health, 5 AD3d 846, 847-848 [3d Dept 2004]).
Nor are we persuaded by petitioner's arguments with respect to alleged violations of his right to equal protection and due process. With respect to equal protection, both the US and NY Constitutions guarantee all citizens this right (see US Const, 14th Amend, § 1; NY Const, art 1 § 11). "Thus, a violation of equal protection arises where first, a person (compared with others similarly situated) is selectively treated and second, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (Matter of State of New York v Myron P., 20 NY3d 206, 211 [2012] [internal quotation marks and citation omitted]). "What matters is impermissible motive: proof of action with intent to injure — that is, proof that [petitioner] was singled out with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances" (Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 631 [2004] [internal quotation marks and citations omitted]). Here, petitioner — by referencing certain studies — asserts that respondents' policies have had a disparate impact on the mental health of the "African American" community. However, his assertions are general and conclusory in nature and as such fail to sufficiently allege that respondents intentionally acted with [*3]an "evil eye" toward petitioner as an individual or "African American" communities in general (see Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d 538, 546-547 [2006]).
Additionally, the US and NY Constitutions provide that no person shall be deprived of "life, liberty, or property, without due process of law" (US Const, 14th Amend, § 1; see NY Const, art 1 § 6). "Generally, procedural due process principles require an opportunity for a meaningful hearing prior to the deprivation of a significant property interest" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 469 [2014] [citation omitted]). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner" (Mathews v Eldridge, 424 US 319, 333 [1976] [internal quotation marks and citations omitted]; accord Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d at 469). Petitioner has failed to allege that he was deprived of any medical benefit that would trigger a due process hearing. Thus, Supreme Court properly found that petitioner failed to assert a cause of action for violation of the equal protection or due process guarantees (see Matter of Abele v Dimitriadis, 53 AD3d 969, 972 [3d Dept 2008], lv denied 12 NY3d 706 [2009]; Empire State Assn. of Adult Homes v Perales, 139 AD2d 41, 43 [3d Dept 1988]).
Clark, J.P., Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.